UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50069-01-KES and -02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION |
| vs. | ) | TO SEVER BY DEFENDANT |
| | ) | MARYANN VIG |
| CORBIN CONROY and | ) | |
| MARYANN VIG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

Defendant Maryann Vig filed a motion to sever pursuant to Fed. R.
Crim. P. 8(b), 14(a), and <u>Bruton v. United States</u>, 391 U.S. 123 (1968).  [Docket
25].  The government opposes the motion.  Ms. Vig's motion was referred by the
district court, the Honorable Karen E. Schreier, Chief Judge, to this magistrate
judge pursuant to 28 U.S.C. § 636(b)(1)(A), and the Chief Judge's standing
order dated June 11, 2007.[1]

---

[1]Because the motion addressed in this order is not dispositive of the
case, this court is authorized to decide the motion, subject to clearly erroneous
review by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(A).

## FACTS

The indictment in this case contains six separate counts.  <u>See</u> Docket 1. Count 1 charges defendant Conroy with the robbery of the King of Hearts Casino in Rapid City, South Dakota, on November 1, 2006.  Count 2 charges Conroy with using a Biakal model IZH-18EM 12-gauge sawed-off shotgun in a crime of violence, the casino robbery, on the same date as Count 1.  Count 3 charges Conroy with possessing an unregistered firearm, the same shotgun referenced in Count 2, on the same date as Counts 1 and 2.[2]  Ms. Vig is not mentioned at all in Counts 1 through 3.

Count 4 of the indictment charges Ms. Vig with making a false statement to Special Agent Derek Hill of the Bureau of Alcohol, Tobacco, and Firearms on November 6, 2006, to the effect that she gave a set of keys to her son's car. Count 5 charges Ms. Vig with making a false statement to Agent Hill on the same date as Count 4 to the effect that Ms. Vig had visited Stephanie Brave on November 1, 2006.  Count 6 of the indictment charges Ms. Vig with making a false statement to Agent Hill on the same date as Counts 4 and 5 to the effect that she did not see Mr. Conroy from the time she dropped him off in Rapid City on November 1, 2006, until he returned to her home on November 5,

---

[2]Mr. Conroy is charged with violating 18 U.S.C. § 1951 in Count 1; 18 U.S.C. § 924(c)(1) in Count 2; and 26 U.S.C. §§ 5841, 5861(d), and 5871 in Count 3.

2006.[3]  Mr. Conroy is not charged in Counts 4 through 6 and, except in

Count 6, he is not mentioned at all.

Ms. Vig argues for severance of the trial of the charges against her from

the trial of the charges against Mr. Conroy.  She argues that severance is

required under Fed. R. Crim. P. 8(b).  Alternatively, she argues for discretionary

severance under Fed. R. Crim. P. 14(a).  In addition, Ms. Vig argues that

severance should be required under the rule announced in <u>Bruton</u>.

**DISCUSSION**

**A.      Severance Pursuant to Fed. R. Crim. P. 8(b)**

Federal Rule of Criminal Procedure 8(b) provides as follows:

> **Joinder of Defendants.**  The indictment or information may
> charge 2 or more defendants if they are alleged to have participated
> in the same act or transaction, or in the same series of acts or
> transactions, constituting an offense or offenses.  The defendants
> may be charged in one or more counts together or separately.  All
> defendants need not be charged in each count.

<u>See</u> Fed. R. Crim. P. 8(b).  The court has no discretion to deny severance of

defendants who are not properly joined under Rule 8(b).  <u>See</u> <u>United States v.</u>

---

[3]Counts 4, 5 and 6 all allege a violation of 18 U.S.C. § 1001.  There exists
the possibility that Counts 4, 5, and 6 are multiplicitous.  A multiplicitous
indictment is one that charges a single offense in multiple counts.  <u>United
States v. Webber</u>, 255 F.3d 523, 527 (8th Cir. 2001); <u>United States v. Dixon</u>,
921 F.2d 194, 196 (8th Cir. 1990).  Multiple sentences for a single offense is
constitutionally impermissible, as the Double Jeopardy Clause of the Fifth
Amendment bars multiple punishments for the same criminal offense.  <u>United
States v. Roy</u>, 408 F.3d 484, 491 (8th Cir. 2005).  However, that issue is not
before the court.

3

Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied sub nom, 459 U.S. 1040 (1982).  Misjoinder of defendants under Rule 8(b) is inherently prejudicial.  Id. (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied, 434 U.S. 1020 (1978);  Haggard v. United States, 369 F.2d 968, 972-973 (8th Cir. 1966), cert. denied, 386 U.S. 1023 (1967); United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); 8 Moore's Federal Practice ¶ 8.04(2), at 14 (2d ed. 1981)).  The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed.  Bledsoe, 674 F.2d at 655.

### 1.    Propriety of Joinder Must Appear on the Face of the Indictment

Ms. Vig asserts in her motion that the propriety of joinder under Rule 8(b) must appear on the face of the indictment.  The government takes issue with this and argues that, although "generally" the propriety of joinder must appear on the face of the indictment, resort to information outside the indictment prior to trial is acceptable.

It is true that there is some authority suggesting that the government may bolster the propriety of joinder by supplementing the information in the indictment with other facts.  See generally 1A Charles A. Wright, Fed. Practice & Procedure (Criminal) § 144, 62-63 (3d ed. 1999).  However, the majority rule, especially among more recent opinions, is that "Rule 8(b) is a pleading rule and the propriety of joinder is determined by the allegations in the indictment."  Id. at 63.

4

The clear authority in the Eighth Circuit holds that "[a]n indictment must reveal on its face a proper basis for joinder." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998); Bledsoe, 674 F.2d at 655.

The Eighth Circuit addressed this issue at length in United States v. Grey Bear, 863 F.2d 572 (8th Cir. 1988) (en banc), an evenly divided 5-to-5 opinion. When an evenly divided en banc opinion is issued, it has no precedential value and only applies to the case it decides. United States v. Lara, 294 F.3d 1004, 1006-1007 (8th Cir. 2002); Grey Bear, 863 F.2d at 573. Therefore, the Grey Bear decision does not represent the law of the Eighth Circuit. However, the analysis in the statement issued by then-Chief Judge Lay and joined in by Judges Heaney, McMillian, Arnold, and Wollman is instructive.

In Chief Judge Lay's statement, he wrote, "The Supreme Court has consistently acknowledged that Rule 8(b) is a pleading rule, to be applied before trial by examining allegations in the indictment." Grey Bear, 863 F.2d at 576 (citing United States v. Lane, 474 U.S. 438 (1986); Schaffer v. United States, 362 U.S. 511 (1960)). Chief Judge Lay also referred to the text of Rule 8(b) for support. Id. at 576-577. He noted that the rule appears in the section of the Federal Rules of Criminal Procedure entitled "Indictment and Information." Id. Also, Chief Judge Lay noted that the text of the rule refers to defendants who are "*charged* in the same *indictment* . . . if they are *alleged* to

have participated in the same act or transaction."  Id.  Through the use of the italicized words, Chief Judge Lay concluded that the rule itself refers solely to the allegations in the indictment as the only basis for determining whether joinder is proper.  Id.

The government argues that Bledsoe looked beyond the indictment to determine whether joinder was proper.  However, as Chief Judge Lay pointed out in Grey Bear, the Bledsoe court looked to other evidence at trial *only* in determining whether the misjoinder by the district court was prejudicial, the standard of appellate review applicable to claims of misjoinder at the district court level.  Grey Bear, 863 F.2d at 577.  In determining whether misjoinder had occurred in the first place, Chief Judge Lay stated that the Bledsoe court restricted its analysis to the face of the indictment.  Id.

The position staked out by Chief Judge Lay has become the law in the Eighth Circuit.  See Wadena 152 F.3d at 848.[4]  Furthermore, no federal circuit court has adopted a position contrary to Chief Judge Lay's analysis in the nearly 20 years since that statement was issued.

_____

[4]The Wadena opinion was decided by Judge Lay, Judge Beam, and Judge McMillian.  Wadena, 152 F.3d at 836.  Judge Beam had originally joined in the statement in opposition to then-Chief Judge Lay's statement in the Grey Bear case.  Grey Bear, 863 F.2d at 580.  In Wadena, Judge Beam concurred in the majority opinion as to the Rule 8(b) severance issue.  Wadena, 152 F.3d at 857 n.34.

The Eleventh Circuit took note of the split by the judges who participated in the Grey Bear decision and also admitted ambiguity in the Eleventh Circuit's opinions and definitively held that Rule 8(b) is a pleading rule and that joinder under that rule should be determined by examining only the allegations contained in the indictment.  United States v. Morales, 868 F.2d 1562, 1567-1568 (11th Cir. 1989).  The Morales court noted that this is the approach adopted by the majority of circuit courts to have recently addressed the issue. Id. (citing United States v. Kaufman, 858 F.2d 994, 1003 (5th Cir. 1988); United States v. Moya-Gomez, 860 F.2d 706, 767 (7th Cir. 1988); United States v. Lane, 474 U.S. 438, 447 (1986); Schaffer v. United States, 362 U.S. 511, 515 (1960); United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988)).  This trend has held in the 17 years since the Eleventh Circuit decided Morales.  See United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003), cert. denied, 540 U.S. 1140 (2004) (reviewing propriety of joinder under Rule 8(b) solely by the allegations in the indictment); United States v. Lanas, 324 F.3d 894, 899 (7th Cir. 2003) (stating that "in assessing whether joinder was proper, we look solely to the face of the indictment . . .").

The law of this circuit, in accord with the law in the above-discussed circuits, is that motions to sever pursuant to Fed. R. Crim. P. 8(b) should be evaluated on the face of the indictment alone.  Wadena, 152 F.3d at 848; Bledsoe, 674 F.2d at 655.  Accordingly, this court will apply that law.

7

## 2.    Joinder is Not Proper Under Rule 8(b)

In its brief on this issue, the government supplements the allegations in the indictment with a great deal of additional information.  However, as discussed above, the law of this circuit limits the court's analysis of joinder under Rule 8(b) to the allegations contained in the indictment.  Reviewing the indictment, the court finds that joinder of Maryann Vig with Corbin Conroy to be improper under Rule 8(b).

Mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder of *defendants*.  Id. at 656.  Under Rule 8(a), involving joinder of *offenses*, the government is allowed to join two or more offenses if they are "of the same or similar character."  Id. (quoting Fed. R. Crim. P. 8(a)).  However, under Rule 8(b), involving joinder of *defendants*, the phrase "same or similar character" is specifically omitted.  Id. (citing Rule 8(b)).

"Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense."  Bledsoe, 674 F.2d at 656.  "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated."  Id. (citing United States v. McKuin, 434 F.2d 391, 395-396 (8th Cir. 1970), cert. denied, 401 U.S. 911 (1971)).  "Although a conspiracy count is not always essential for joinder of

8

counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." <u>Bledsoe</u>, 674 F.2d at 656-657.

In the <u>Bledsoe</u> case, five defendants were tried: Bledsoe, Cloninger, Moffitt, Phillips, and Stafford.  <u>Id.</u> at 651-652.  Count one of the indictment charged all five defendants with conspiracy to violate RICO under 18 U.S.C. § 1962(d).  <u>Id.</u>  Count two of the indictment contained numerous predicate acts and charged all five defendants with violating RICO under 18 U.S.C. § 1962(c). <u>Id.</u>  Counts three and four charged four defendants, including Phillips, with fraudulent sale of Progressive Farmers Association securities under 15 U.S.C. §§ 77q(a) and 77x and 18 U.S.C. § 2.  <u>Id.</u>  Counts three and four were included in the predicate acts listed in count two.  <u>Id.</u>  Counts five and six charged Phillips alone with fraudulent sale of Progressive Investors securities under 15 U.S.C. §§ 77q(a) and 77x.  <u>Id.</u>  The allegations in counts five and six were *not* predicate acts for count two.  <u>Id.</u>  Thus, counts five and six charged a crime that was unrelated to any of the other crimes contained in the other counts and these counts also did not involve the other defendants from the other counts.  <u>Id.</u>

Defendants Bledsoe, Cloninger, Moffit, and Stafford moved pursuant to Rule 8(b) to sever counts five and six from the trial of counts one through four.

Id. at 654.  The district court denied this motion and the Eighth Circuit reversed.  Id. at 654, 671.  The government argued on appeal that joinder of counts five and six did not violate Rule 8(b) because the *modus operandi* described in counts five and six were the same as that in counts one through four because all six accounts involved selling securities labeled "Estate Builder."  Id. at 656.  The court rejected this argument, noting that similarity of offenses would be sufficient to justify joinder of the *offenses* under Rule 8(a), but that it was not sufficient to justify joinder of *defendants* under Rule 8(b).  Id.  The government also argued that Phillips' common participation in counts three, four, five, and six was sufficient to justify joinder of the counts.  Id.  The court rejected this argument too because the indictment on its face showed no participation by the defendants other than Phillips in counts five and six and no factual overlap between counts one through four and counts five and six.  Id.  See also United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989) (stating that Rule 8(a) and (b) "do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses."); United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986) (stating that "Rule 8(b) requires that there be some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series.")

10

Similarly, in <u>Chubet v. United States</u>, 414 F.2d 1018, 1018-1019 (8th Cir. 1969), defendants Chubet and Kauffman were charged and tried together in an indictment containing six counts alleging possession and sale of amphetamine. Two of the counts named both defendants in sales of amphetamine that occurred in Blue Springs, Missouri, and Jackson County, Missouri, on February 21 and 23, 1967, respectively.  <u>Id.</u>  Kauffman was charged in four other counts which did not name Chubet.  <u>Id.</u>  These four other counts involved the sale of amphetamine in Springfield, Missouri, on February 10, 1967; in Columbia, Missouri, on February 21, 1967; in Columbia, Missouri, on February 23, 1967; and in Jackson County, Missouri, on March 2, 1967.  <u>Id.</u>

Chubet moved for severance pursuant to Fed. R. Crim. P. 8(b) prior to trial.  <u>Id.</u>  The district court denied Chubet's motion, and the Eighth Circuit reversed.  <u>Id.</u> at 1018-1019, 1022.   The court stated that the fact that Kauffman was a common thread in all six charges in the indictment was insufficient to justify jointly trying Chubet and Kauffman together where the indictment contained no allegation linking Chubet to the counts in the indictment charging Kauffman alone.  <u>Id.</u> at 1020.  <u>See also</u> <u>McElroy v. United States</u>, 164 U.S. 76, 76-81 (1896) (interpreting Section 1024 of the Revised Statutes, a predecessor to Fed. R. Crim. P. 8(b), and stating "we do not think the statute authorizes the joinder of distinct felonies, not provable by the same evidence, and in no sense resulting from the same series of acts.").

11

In this case, Mr. Conroy and Ms. Vig are not jointly charged in any count of the indictment.  Conroy alone is charged in Counts 1 through 3 and Ms. Vig alone is charged in Counts 4 through 6.  None of the offenses with which Mr. Conroy is charged are the same or similar to the offenses with which Ms. Vig is charged.  There is no allegation in the indictment that Ms. Vig knew about, participated in, or was otherwise involved in the robbery or the gun violations with which Mr. Conroy is charged.  There is no allegation in the indictment that Mr. Conroy knew about, participated in, or was otherwise involved in the false statements with which Ms. Vig is charged.  Accordingly, joinder of Counts 1 through 3 with Counts 4 through 6 of the indictment is improper.  See Fed. R. Crim. P. 8(b); Jones, 880 F.2d at 61; Andrade, 788 F.2d at 529; Bledsoe, 674 F.2d at 656; Chubet, 414 F.2d at 1020; 1A Charles A. Wright, Fed. Practice & Procedure Criminal § 144, p. 65-66.

The government cites United States v. Gravatt, 280 F.3d 1189 (8th Cir. 2002) in support of its argument that joinder of Ms. Vig and Mr. Conroy in this case is proper.  However, the analysis of Gravatt dealt with the issue of whether

12

joinder of defendants was prejudicial under Fed. R. Crim. P. 14, not with whether joinder was proper under Fed. R. Crim. P. 8(b).[5]

Likewise, the government's citation to United States v. Turner, ___ F.3d ___, 2007 WL 2536282 (8th Cir. Sept. 7, 2007), is unavailing. The Turner case concerned the propriety of joining drug manufacturing charges with perjury charges against a single defendant in the same indictment. Id. at *2-3. Thus, the issue in Turner was the propriety of joinder of *offenses* against the same defendant, rather than the propriety of joinder of *defendants*. As stated earlier, Rule 8(a)–*not* Rule 8(b)–governs the propriety of joinder of *offenses*. The standard for Rule 8(a) joinder is different from the standard for Rule 8(b) joinder. Thus, Turner is inapposite. The Davis and Running Horse cases are inapposite for the same reason. United States v. Running Horse, 175 F.3d 635, 637 (8th Cir. 1999) (analyzing under Rule 8(a) the propriety of joinder of 11 counts of sexual contact against a single defendant involving two separate victims); United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996) (analyzing defendant's severance motion pursuant to the provision in Fed. R. Crim. P. 8(a) pertaining to offenses of "the same or similar character").

---

[5]To be sure, Gravatt could have been written more clearly. The opinion does cite Fed. R. Crim. P. 8(b), but then immediately cites Rule 14. Gravatt, 280 F.3d at 1191. The discussion in the opinion then centers on "prejudice," which is the focus of Rule 14(a). Id. "Prejudice" is not mentioned in Rule 8(b). See Fed. R. Crim. P. 8(b). Therefore, one can infer that the Gravatt court is analyzing the propriety of joinder under Rule 14(a). Gravatt, 280 F.3d at 1191.

The government cites <u>United States v. Moeckly</u>, 769 F.2d 453 (8th Cir. 1985) as well.  The issue in <u>Moeckly</u> was severance under Rule 8(a) where the same defendant had been charged with conspiracy and perjury related to the conspiracy.  <u>Id.</u> at 464-465.  The court does state that "the district court properly denied Moeckly's severance motion as to defendants," but no law is cited.  <u>Id.</u>  However, since the severance concerned defendants who were jointly charged with conspiracy, it is logical to assume that the defendant's motion was based on Rule 14(a) rather than Rule 8(b).  <u>Id.</u>

A Fifth Circuit case cited by the government, <u>United States v. Erwin</u>, 793 F.2d 656 (5th Cir. 1986), actually supports Ms. Vig's motion.  In that case, several defendants, including Grace Davis' former brother-in-law, were charged with a drug conspiracy.  <u>Id.</u> at 659-660.  Grace Davis was not charged in the drug conspiracy, but she was charged in the same indictment with two counts of perjury for lying before the grand jury about her former brother-in-law's finances.  <u>Id.</u> at 660.  The Fifth Circuit held that the district court's failure to sever Ms. Davis' perjury charges from the drug conspiracy charges faced by her codefendants was prejudicial error.  <u>Id.</u> at 666.  The Fifth Circuit reversed and remanded for a new trial as to the charge against Ms. Davis.  <u>Id.</u> at 666, 672.[6]

---

[6]The <u>Erwin</u> court directed that a judgment of acquittal be entered as to one of the charges against Grace Davis for reasons not articulated in the published portion of the opinion but apparently having nothing to do with the severance issue.  <u>Erwin</u>, 793 F.2d at 666, 672.

Based on the foregoing discussion, the court concludes that severance of Counts 4 through 6 against Maryann Vig from Counts 1 through 3 against Corbin Conroy is required under Rule 8(b).

**B.      Severance Pursuant to Fed. R. Crim. P. 14(a)**

Ms. Vig also moves to sever in the alternative pursuant to Fed. R. Crim. P. 14(a), arguing that she will be prejudiced by a joint trial with Mr. Conroy. Because the court has already decided to sever pursuant to Rule 8(b), the alternative motion to sever pursuant to Rule 14(a) is moot.

**C.      Severance Pursuant to <u>Bruton</u>**

Ms. Vig also moves to sever in the alternative pursuant to <u>Bruton v. United States</u>, 391 U.S. 123 (1968).  The rule in the <u>Bruton</u> case is that, in certain circumstances, it is reversible error to admit hearsay statements of codefendant "A" which incriminate codefendant "B" where codefendant "A" does not testify at trial.  <u>Id.</u> at 135-136.  Here, Ms. Vig argues that certain out-of-court statements of Mr. Conroy incriminate Ms. Vig and, if Conroy does not testify, Ms. Vig's Sixth Amendment right to confront and cross-examine witnesses against her will be violated.

The government agrees that the portion of Mr. Conroy's statement to the effect that he had been with Ms. Vig every night between November 1 and November 6, 2006, presents a <u>Bruton</u> issue.  The government offers to redact

that portion of Mr. Conroy's statement if and when the government offers
Mr. Conroy's statement at trial.

The government provided Mr. Conroy's November 6, 2006, statement to
law enforcement to the court for *in camera* review.  The statement contains, in
addition to the above-mentioned matter, a discussion by Mr. Conroy of who
was driving a "maroon" vehicle that was impounded and who was driving a
"silver" vehicle.  Count 4 of the indictment charges Ms. Vig with lying about
giving keys to her son's vehicle.  The color of Ms. Vig's son's vehicle is not
mentioned in the indictment.  It may be inferred that the son's vehicle was
either the maroon or silver car about which law enforcement inquired of Mr.
Conroy on November 6.  Thus, under <u>Bruton</u>, this statement by Mr. Conroy
may also incriminate Ms. Vig.

The court holds that the <u>Bruton</u> issue is rendered moot because of the
court's decision to grant severance under Rule 8(b).  However, for purposes of
providing a complete record for review, the court holds that the portion of
Mr. Conroy's statement concerning who drove the silver and maroon vehicles,
as well as Mr. Conroy's statement about his being with Ms. Vig from
November 1 through November 6, should be redacted if trial of these two
defendants takes place together.

## CONCLUSION

Based on the foregoing discussion and facts, it is hereby

ORDERED that defendant Maryann Vig's motion to sever [Docket No. 25] is granted.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated September 25, 2007.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE